JAMES MIDDLETON, Administrator, and another, *vs.* ROBERT L. WHAR-
TON and others.

July 17, 1889.

Estates of Decedents—Order to Sell Real Estate—General not Lim-
ited by Particular Description.—The rule that when a deed of con-
veyance contains a general description, which is definite and certain
in itself, and is followed by a particular description also, such partic-
ular description will not limit or restrict the grant which is clear and
unambiguous by the general description, applied to an order of a probate
court directing the sale of real property, and considered in connection
with the facts in this case.

Construction of Plat—Area of Park.—Upon a town plat there appeared
a triangular tract of land, with its base of about 400 feet upon a lake.
Nearly parallel to the lake shore, and about 100 feet distant southerly,
the plat showed an alley or passage-way of 30 feet in width, over the
tract in question. On the plat, upon that part of the tract south of the
alley or way, appeared the words "Eagle Park." *Held*, that the entire
tract of ground must be considered as a whole, and designated and named
by the town proprietor as "Eagle Park."

Ejectment, brought in the district court for Ramsey county, and
tried by *Brill*, J., who ordered judgment for defendants, which was
entered, and the plaintiffs appealed. The plaintiff Laura Bunnell,
and Louisa Post, of whom the plaintiff Middleton is administrator,
were residuary devisees of Russell Post. The defendants claim title
under a sale made by Russell Post's administrator. The lands in
question are described in the complaint as "a tract of land in the vil-
lage of Bald Eagle, known and designated on the plat thereof on file
*  *  *  as Eagle Park, and the tract of land west of said Eagle
Park and between said Eagle Park and Bald Eagle Lake, separated
from said Eagle Park by Lake Avenue, as designated on said plat;
the said tract being all the land between said Eagle Park and said
Bald Eagle Lake, except said Lake Avenue."

In the report of sale, the sale of each block from 1 to 16, inclu-
sive, with the price and purchaser, is stated; and that part of it relat-
ing to blocks 17 and 18, and to Eagle Park, is as follows:

"Lots 1, 2, 3, 4, 5, 6, and 7 in block 17 in said town of Bald Eagle to Robert A. Smith for the sum of $10.

"Block 18 in said town of Bald Eagle to Robert A. Smith for the sum of $10.

"And Bald Eagle Park, as laid out on the plat of said town of Bald Eagle on file in the office of the register of deeds of said county for the sum of $60."

It was contended by plaintiffs that the report did not show any purchaser of Eagle Park, and by the defendants that it showed a sale to Robert A. Smith, to whom the administrator made a conveyance after confirmation, and through whom the defendants claim title.

*S. L. Pierce* and *J. F. George*, for appellants.

*H. F. Stevens, Samuel Morrison, C. E. Otis,* and *J. McKean*, for respondents.

COLLINS, J. Ejectment to recover possession of certain real estate. The plaintiffs admit the defendants to be well seized of the premises in controversy, if certain proceedings in probate court in the matter of the estate of Russell Post, deceased, and a sale made under its order, were effectual to pass the title.

1. The first objection made by the plaintiffs is that the order to sell the real property of the deceased, as made by the court, did not cover and include the tract of ground known as "Eagle Park," on the plat of the town of Bald Eagle. The order directed a public sale of real estate not involved herein, and "also the town of Bald Eagle, in said county and state, according to the plat thereof on record in the office of the register of deeds of said county; said town being laid out upon * * * and unimproved; the said town of Bald Eagle being subdivided into eighteen blocks, * * * said blocks being numbered" from 1 to 18 inclusive. In addition to the 18 numbered blocks, which were outlined upon the plat, there was a triangular tract of land designated as "Eagle Park;" and as the 18 blocks were mentioned by numbers, and no reference made to the park, it is plaintiffs' contention that it was not included in the order. There is no merit to this claim. The general description in the order is definite and certain. It specifies the town of Bald Eagle as the property to be sold, not the blocks, 18 in number. A mere inaccuracy

of description will not diminish or enlarge the subject-matter of an order of this importance. The rule in conveyancing is that when any property is sufficiently ascertained by the description it will pass by the instrument intended to convey it, although all the particulars stated in 'the instrument may not be true in respect to it. *Doe* v. *Cranstoun*, 7 Mees. & W. 1, 10; *Scofield* v. *Lockwood*, 35 Conn. 425. Where a deed of conveyance contains a general description, which is definite and certain in itself, and is followed by a particular description also, such particular description will not limit or restrict the grant which is clear and unambiguous by the general description. *Bott* v. *Burnell*, 11 Mass. 163; *Johnson* v. *Simpson*, 36 N. H. 91; *Barney* v. *Miller*, 18 Iowa, 460. It may be well to say here, however, that when courses and distances are given as a particular description, they are very much relied upon, even if the general description be definite, apparently. But in the case under consideration there is no particular description of the property to be sold, except that relied upon by the defendants, namely, "the town of Bald Eagle, * * * according to the plat thereof on record," etc., which is explicit, and must control. The additional statements as to the town being subdivided into 18 blocks, and that the property is unimproved, are not inconsistent with nor do they contradict the words which we regard as descriptive. They are explanatory, and surplusage.

2. Eagle Park must be considered as extending to the lake. That part of it on which the name was placed is no more separated from the strip bordering on the water than is one part of a block detached from the other by reason of the existence of an alley therein. The whole was designed evidently for park purposes, the smaller part upon the lake to be used in connection with and appurtenant to the larger. An alley or way is established over the tract by means of which that part of Lake avenue lying along the lake shore westerly is connected with that upon the east. A glance at the map will satisfy any one of the intent of the deceased when platting; and this conclusion will be fortified upon reading the certificate of dedication attached, in which alleys and passage-ways are specially mentioned. This is the only alley or way laid down upon the plat; all other thoroughfares are streets and avenues.

3. We think the report of sale plainly shows to whom Eagle Park was sold.

Judgment affirmed.